IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL FOSTER : | |
|     Petitioner, | |
| | |
|     v. : | CIVIL ACTION |
| LAWRENCE MAHALLY, Superintendent; | NO. 14-5532 |
| THE DISTRICT ATTORNEY OF THE : | |
| COUNTY OF PHILADELPHIA; and | |
| THE ATTORNEY GENERAL OF THE | |
| STATE OF PENNSYLVANIA : | |
|     Respondents. | |

## ORDER

AND NOW, this 4th day of November, 2015, upon consideration of: Petitioner's Objections to the Report and Recommendation of the Magistrate Judge Filed on June 30, 2015 (ECF No. 19); the government's Response thereto (ECF No. 23); and, this Court's *de novo* review of the record, it is hereby ORDERED that said Objections are DENIED.[1]

---

[1] Petitioner does not dispute the facts and procedural history set forth by Judge Heffley in her Report and Recommendation (R&R). (Obj. at 1, ECF No. 19 at 1.) Instead, he objects to Judge Heffley's determination that although his ineffectiveness claim for trial/plea counsel's alleged failure to investigate the facts presented at the plea hearing for accuracy is procedurally defaulted, the issue may be reviewed at the federal level. (Obj. at 5, ECF No. 19 at 5.)

    In the Pennsylvania Superior Court's Opinion regarding Mr. Foster's PCRA appeal, they specifically noted as follows:

> ***In his pro se petition, Appellant claimed that he acted in self-defense when he shot the victim, but that he pled guilty to third-degree murder because his counsel coerced him into doing so.*** Appellant claimed in his amended PCRA petition that his plea was coerced by counsel, but he did not explain this alleged coercion. Appellant does not suggest in his brief that his previous allegations of counsel coercion entitle him to an evidentiary hearing.

(Doc. No. 13-1 n.4) (emphasis added).

    Giving Petitioner the benefit of every doubt, this claim as raised by him in his uncounseled PCRA petition could be construed to be the same as alleged in his habeas petition—if trial counsel "conducted a proper pre-trial investigation into the facts surrounding, [sic] and

It is further ORDERED as follows:

    (1)    With the exception of Magistrate Judge Marilyn Heffley's finding that Petitioner did not pursue his failure to investigate a self-defense justification at the state level and that the same has been procedurally defaulted, the Report and Recommendation of United States (Doc. No. 16) is APPROVED and ADOPTED with exception as set forth herein;[2]

---

properly advise [sic] petitioner of the applicable law all of which ***would have provided a viable defense*** on behalf of petitioner[,]" he could have shown that "use of deadly force was in fact justified" because "Petitioner believed that his life or overall general health was in danger[.]" (Habeas Mem. 6, 9, ECF No. 1 at 24, 27) (emphasis added).

However, this still does not save the otherwise meritless claim. As Judge Heffley correctly concluded, the facts of this case clearly establish that self-defense was not a viable defense for Petitioner. Moreover, Petitioner was specifically asked if anyone forced, threatened, intimidated, or promised him anything with regarding to pleading guilty and Petitioner responded "No." (Sent. Tr. 8:5-11, Sept. 14, 2009.) He was also given an opportunity to dispute the facts as relayed by the Commonwealth by making any additions or corrections he deemed necessary but did not do so. (*Id.* at 15:4-7.) At the conclusion of the Commonwealth's recitation of the facts, the court specifically asked Petitioner "Mr. Foster, are those the facts to which you plead guilty?" and Petitioner responded "Yes." (*Id.* at 21:8-11.)

Petitioner—better than anyone else in the room at the time of his plea—knew what occurred on the morning of April 21, 2007. Yet, he chose to admit to the facts as presented by the Commonwealth, including those which established he shot the decedent in the back twice. (Sent. Tr. 17:18-25; 18:1-6, 25; 19:1-16.) As such, Plaintiff cannot now argue that counsel was ineffective for failing to "investigate" and raise a meritless defense. Petitioner apparently appreciated this fact on the day he entered his guilty plea, as he uniquivocally stated to the court that he was satisfied with his lawyer's representation of him at the time. (Sent. Tr. 14:20-23.) Said counsel cannot now be deemed ineffective for failure to raise a meritless claim. *See Ross v. DA of Allegheny*, 672 F.3d 198, 211 (3d Cir. 2012) ("'[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.'") (quoting *Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000)).

Moreover, Plaintiff's argument that the foregoing claim must be addressed at the federal level because his PCRA counsel abandoned him is similarly without merit. (Obj. at 5; ECF. No. 19 at 5.) Court-appointed PCRA counsel filed an Amended Petition on behalf of Mr. Foster. Said Petition was dismissed and a timely appeal was filed by Petitioner because he was unsure of counsel's status. However, PCRA counsel timely complied with the PCRA Court's directives regarding the appeal and filed an Appellate Brief with the Pennsylvania Superior Court on behalf of Petitioner. Additionally, after Petitioner's appeal to the Pennsylvania Superior Court proved unsuccessful, counsel filed a timely Petition for Allocatur with the Pennsylvania Supreme Court. Accordingly, there was no prejudice. Although this issue does not appear to be addressed in the R&R, it is—again—wholly without merit.

    [2]  *See supra* n.1.

    (2)       The Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED; and

    (3)       There is no basis for the issuance of a Certificate of Appealability.

BY THE COURT:

/s/  C. Darnell Jones, II     J.