IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EARL FOSTER                        :
    Petitioner,

v.                                 :                CIVIL ACTION
                                                    NO. 14-5532
LAWRENCE MAHALLY, *et al.*
    Respondents.                   :

**MEMORANDUM**

**Jones, II   J.**                                              August 1, 2018

**I.  Introduction**

Petitioner Earl Foster seeks relief from judgment under Federal Rule of Civil Procedure 60, claiming he is entitled to same on the basis of ineffective assistance of counsel. The Commonwealth has responded to Petitioner's Motion, arguing untimeliness, lack of merit, and improper mechanism. For the reasons set forth below, Petitioner's Motion shall be denied.

**II.  Background**

On September 14, 2009, Petitioner pled guilty in the Court of Common Pleas to third-degree murder and carrying a firearm without a license, and was sentenced to 17½ to 30 years in prison. (Docket No. CP-51-CR-0014680-2007 (Phila. Cty. Ct. Com. Pl.)) On April 1, 2010, Petitioner filed a pro se Petition for Post-Conviction Relief pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541, *et seq.* ("PCRA"), alleging that his trial counsel was ineffective for failing to inform him of his right to file a motion to withdraw his guilty plea within ten days of sentencing, and that the aforementioned plea was coerced by counsel. New counsel was appointed and filed an Amended PCRA Petition on behalf of

1

Petitioner. On July 14, 2011, said Petition was dismissed for lack of merit. Petitioner appealed to the Pennsylvania Superior Court and judgment was affirmed on September 27, 2013. Petitioner then sought allocator, which the Pennsylvania Supreme Court denied on April 29, 2014.

On September 25, 2014, Petitioner filed a timely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Said Petition alleged ineffective assistance of both trial and PCRA counsel, as well as error by the Pennsylvania Superior Court for failing to remand the matter back to the PCRA court for an evidentiary hearing. (Mem. Supp. Pet. Habeas Corpus 8, 11, 13, 15.) Pursuant to Local Civil Rule 72.1.IV(c), the matter was referred to United States Magistrate Judge Marilyn Heffley for a Report and Recommendation ("R&R"). Judge Heffley ultimately determined Petitioner's claims were procedurally defaulted and/or without merit, and recommended dismissal of his Petition. (R&R, ECF No. 16.) On November 4, 2015, this Court adopted and approved the R&R. (Order Den. Pet'r's Habeas Corpus Pet'n, ECF No. 24.) On April 27, 2018, Petitioner filed the instant Motion requesting relief from judgment under Fed.R.Civ.P. 60(a)-(b)(6), to which the Commonwealth responded. (Pet'r's R. 60 Mot., ECF No. 26; Resp. to Pet'r's R. 60 Mot., ECF No. 28.)

**III. Discussion**

   **A. Request for Relief Under Rule 60(a)**

Rule 60(a) pertains to the correction of clerical mistakes, oversights and omissions. Fed.R.Civ.P. 60(a). To that end, it is imperative that "Rule 60(a) [] not [be construed as] a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)." *Bernard v. East Stroudsburg Univ*.,

2

No. 3:09-CV-00525, 2017 U.S. Dist. LEXIS 2660, at *7 (M.D. Pa. Jan. 9, 2017) (internal citations omitted). Further, a motion brought pursuant to Rule 60(a) may "not alter the factual record or require any new legal reasoning or the renewed resolution of any factual or legal issues." *Id*. at *8. To that end,

> [A] motion to correct a clerical mistake does not affect the finality of the original judgment, and a Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced[.] Thus, Rule 60(a) does not authorize the District Court to correct any and all wrongly decided substantive issues after the fact.

*Id.* at *6 (internal quotation marks and citations omitted).

Although Petitioner correctly asserts that "Rule 60(a) permits the correction of not only clerical mistakes, but also inadvertent errors when correction is necessary not to reflect a new and subsequent intent of the court, but to conform the order to the contemporaneous intent of the court," Petitioner misapplies the law to his case. (Pet'r's R. 60 Mot. 7) (quoting *Robert Lewis Assocs., Ltd. v. Webb*, 473 F.3d 498, 505, n.11 (2d Cir. 2007) (internal quotation marks and citations omitted)).

Petitioner alleges that Judge Heffley expressed a "clear intention at the time [her recommendation was rendered that] Petitioner Foster was entitled to a meaningful post-conviction review on the merits." (Pet'r's R. 60 Mot. 8.) Petitioner interprets Judge Heffley's R&R as a decision that does not reflect her intent and therefore constitutes a violation of federal law. (Pet'r's R. 60 Mot. 9.) Upon review of the record, Judge Heffley determined that two of Petitioner's claims (ineffective assistance of both trial and PCRA counsel) were procedurally defaulted and Petitioner failed to establish facts or evidence to excuse said default. (R&R 7-8, 11.) Judge Heffley also reviewed the merits of **all** claims presented by Petitioner—including those that were procedurally defaulted—and determined that no facts of record supported said

3

claims. (R&R 7-12.) Because Petitioner disagrees with this finding, he is attempting to assert that Judge Heffley's R&R did not conform to her intent. However, this Court's review of the matter reveals Judge Heffley's decision to be in complete conformity with the facts, circumstances, and evidence of record. Thus, Petitioner's claim is inappropriate for Rule 60(a) relief.

### B. Request for Relief Under Rule 60(b)(6)

Petitioner further asserts he is entitled to relief under Rule 60(b)(6), which provides grounds for relief from a "final judgment, order, or proceeding for . . . . any other reason [not enumerated] that justifies relief." Fed.R.Civ.P. 60(b)(6). Rule 60(b)(6) is "intended to be a means for accomplishing justice in extraordinary situations . . . and may be granted only upon a showing of exceptional circumstances." *United States v. Mote*, No. 3:14cv1717, 2018 U.S. Dist. LEXIS 96551, at *2 (M.D. Pa. June 8, 2018) (internal citations and quotations omitted). "[L]egal error without more does not justify the granting of relief under Rule 60(b)(6)." *Stokes v. DA of the Cty. of Phila.*, No. 98-5182, 2013 U.S. Dist. LEXIS 11496, at *4 (E.D. Pa. Jan. 29, 2013) (internal quotation marks and citation omitted). Further, "A court need not provide a remedy under Rule 60(b)(6) for claims of dubious merit that only weakly establish ineffective assistance by trial or post-conviction counsel." *Cox v. Horn*, 757 F.3d. 113, 124-25 (3d Cir. 2014).

Moreover,

> A Rule 60(b) motion is deemed a petition for writ of habeas corpus under § 2254 if the motion asserts a "federal basis for relief from a state court's judgment of conviction." [*Gonzalez v. Crosby*, 545 U.S. 524, 530(2005)]. A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is deemed a petition for writ of habeas corpus. *Id*. at 532. "[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). There is a narrow exception for a Rule 60(b) motion asserting a previous ruling precluding a merits determination was in error (for example, a denial for such reason as a statute-of-limitations bar). *Gonzalez*, 545 U.S. at 532 n.4. A Rule 60(b) motion is

4

> not, in effect, a habeas petition if the motion attacks a ruling on a non-merits basis. *Id*.

*Brewington v. Klopotoski*, Civil Action 09-3133, 2012 U.S. Dist. LEXIS 44713, *7-8 (E.D. Pa. March 29, 2012).

Although Petitioner devotes the majority of his motion to the applicability of Rule 60(a), he briefly argues he is entitled to relief under Rule 60(b) "in order to accomplish justice." (Pet'r's R. 60 Mot. 9) (citing *Klepprott v. United States*, 335 U.S. 601, 614-15 (1949)). Petitioner further alludes to the existence of "extraordinary circumstances" that warrant relief under Rule 60(b), however, he fails to expound upon what those circumstances might be. (Pet'r's R. 60 Mot. 10.) Assuming Petitioner is referring to the same circumstances that form the basis for his Rule 60(a) argument, said circumstances do not constitute an extraordinary situation. Instead, they constitute an attempt to gain relief via a successive habeas petition poorly disguised as a Rule 60(b) Motion. Petitioner's request for relief under Rule 60(b) fails to meet the narrowly-tailored exception that would remove the motion from the purview of second/successive habeas status; namely, a claim that the previous ruling erroneously precluded a merits determination. As discussed above, Judge Heffley assessed all of the claims raised herein on the merits, ***including*** those which she determined to be procedurally defaulted. As such, this Court concludes that Petitioner has not sufficiently alleged circumstances so exceptional that our "overriding interest in the finality of judgments" may be overcome. *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935, 938 (3d Cir. 2005) (citing *Mayberry v. Maroney*, 529 F.2d 332, 337 (3d Cir. 1976)).

Finally, even if Petitioner had shown that his claims warranted relief under Rule 60(b), his Motion is untimely. Rule 60(b)(c)(1) states that a motion for relief under Rule 60(b)(6) "must be made within a reasonable time." Fed.R.Civ.P. 60(b)(c)(1). As set forth above, Petitioner's

5

Habeas Petition was denied on November 4, 2015. On April 27, 2018, Petitioner filed the instant Motion requesting relief from judgment under Rule 60. It is well settled that this period of time is simply too lengthy to be deemed "reasonable." *See Walsh v. Krantz*, 423 F. App'x 177, 180 (3d Cir. 2011) (affirming finding that period of two years was not "reasonable time" for 60(b) purposes); *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (affirming finding that Rule 60(b)(6) motion filed nearly two years after judgment was untimely, particularly when "the reason for the attack upon that judgment was available for attack upon the original judgment."); *Project Mgmt.*, 2006 U.S. Dist. LEXIS 71007, at *10-11 (reiterating requirement that "Rule 60(b)(6) motions must be brought within a 'reasonable time'" and concluding that a motion filed "more than two years" after judgment was untimely); *Milner v. Communication Workers, Local 13000*, Civil Action No. 90-7067, 1994 U.S. Dist. LEXIS 1984, at *1 (E.D. Pa. Feb. 23, 1994) (finding Plaintiff's Rule 60 Motion filed twenty-one (21) months after judgment to be untimely, particularly because "[n]othing has changed since the judgment was entered.").

Just as in *Moolenaar* and *Milner*, nothing here has changed since this Court adopted and approved Judge Heffley's R&R and entered judgment nearly two and a half years ago. As such, this Court finds Petitioner has presented no extraordinary circumstances or equitable considerations that would excuse his untimely Motion.[1]

---

[1] In addition to their position that Petitioner is not entitled to relief under Rule 60, Respondents further urge this Court to consider Petitioner's Motion as one for relief under Rule 59 because "it challenges this Court's substantive legal analysis [as adopted from Judge Heffley's R&R] and attempts to relitigate the merits of petitioner's ineffective assistance claim, rather than alleging an inadvertent error caused by clerical mistake or induced by fraud." (Resp. Pet'r's R. 60 Mot. 2, n. 1.)

It is true that "[a]llegations of legal error do not warrant relief under Rule 60(b) and are properly asserted in a Fed.R.Civ.P. 59(e) motion." *Parker v. Lehigh Cty. Domestic Rel. Court*, 621 F. App'x 125, 130 (3d Cir. 2015) (citation omitted). However, a Petitioner's failure to show

## V. Conclusion

For the reasons set forth above, Petitioner's Motion for Rule 60 Relief shall be denied.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II    J.

---

"that the District Court made a clear legal or factual error, [or to point to any] applicable change in law or new evidence to support altering or amending the judgment" precludes relief under Rule 59. *Id.* at 130-131. Moreover, Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59. As stated above, this Court denied Petitioner's Habeas Petition on November 4, 2015, and he filed the instant Motion requesting relief from judgment on April 27, 2018. Petitioner fails to show any "clear legal or factual error" in the R&R, and similarly fails to point to any new law or evidence that would warrant relief under Rule 59. Therefore, *assuming arguendo* Petitioner brought the instant motion pursuant to Rule 59(e) instead of Rule 60, any potential relief would similarly be precluded on the basis of timeliness.